# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD J. WOODS,

    *Plaintiff,*

vs.

Case No. 6:14-CV-1079-EFM-KMH

LISA WADESON; ALAN BUCHANAN;
and FARM BUREAU PROPERTY &
CASUALTY INSURANCE,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Ronald J. Woods ("Plaintiff") seeks monetary damages, both compensatory and punitive, against Defendants Lisa Wadeson, Alan Buchanan, and Farm Bureau Property & Casualty Insurance ("Defendants") for damages allegedly arising out of a traffic citation issued to Plaintiff's daughter. This matter is before the Court on Defendants' Motion to Dismiss (Doc. 11). For the reasons stated below, Defendants' motion is granted.

### I.    Factual and Procedural Background

The facts in this case are sparse at best and border on non-existent. Even the most careful reading of Plaintiff's Complaint reveals very little as to what, exactly, is at issue. It appears that Plaintiff's teenage daughter was involved in a traffic accident for which she received a moving violation. At some point, this violation was reduced to a non-moving violation.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas on March 14, 2014, alleging a claim arising out of a violation of civil or equal rights, privileges, or immunities accorded to cities of, or persons within the jurisdiction of, the United States, pursuant to 28 U.S.C. § 1343.  On that same day, Plaintiff filed motions to proceed in forma pauperis (Doc. 3) and for the appointment of counsel (Doc. 4).  On March 31, 2014, Magistrate Judge Karen M. Humphreys granted Plaintiff's motion to proceed in forma pauperis but denied his motion for the appointment of counsel (Doc. 5).  Plaintiff filed a motion for reconsideration on April 2, 2014, which Magistrate Humphreys denied on May 14, 2014 (Doc. 13).  Plaintiff then filed a Notice of Interlocutory Appeal to the Tenth Circuit (Doc. 14).  The Appellate Court denied Plaintiff's motion on June 11, 2014, citing lack of jurisdiction (Doc. 18).  While Plaintiff's interlocutory appeal was pending, on May 13, 2014, Defendants filed this motion to dismiss for lack of personal jurisdiction, failure to comply with Federal Rule of Civil Procedure 8, and failure to state a claim upon which relief may be granted (Doc. 11).  Plaintiff did not respond.

## II.    Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2]  A claim is facially plausible if the plaintiff pleads facts sufficient for the

---

[1] FED. R. CIV. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[7]

### III.   Analysis

In their motion to dismiss, Defendants cite three possible grounds for dismissal, each of which, in its own right, could be sufficient to dismiss Plaintiff's Complaint. In the interest of thoroughness, the Court discusses two of these grounds in detail below, although not necessarily in the order as presented by Defendants.

**A.   Lack of Personal Jurisdiction**

Defendants allege that Plaintiff failed to properly serve any Defendant in this matter, as Plaintiff simply sent the Complaint, via certified mail, to Farm Bureau's Regional Office in

---

[3] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

Manhattan, Kansas. According to Defendants, the mailings were signed for by someone in Farm Bureau's shipping and receiving department.[8]

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a federal court lacks personal jurisdiction over a defendant if service of process is insufficient.[9] Upon challenge to a court's jurisdiction, a plaintiff bears the burden to show, by a preponderance of the evidence, that jurisdiction exists.[10] "The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt."[11]

With regard to Buchanan and Wadeson, Rule 4(e)(1) dictates that service upon an individual may be made by following the law of the state where the district court is located or where service is made or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment of by law to receive service of process.[12]

Under Kansas Statutes Annotated § 60-304, service of process to an individual by return receipt delivery "must be addressed to an individual *at the individual's dwelling or usual place of abode* and to an authorized agent at the agent's usual or designated address."[13] Section 60-

---

[8] Return of Service, Doc. 7. Defendants specifically note that the mailings were signed for by "Ms. Peterson." Defendants' Motion to Dismiss, Doc. 12, p. 6 n.2.

[9] *See Nicks v. Brewer*, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010).

[10] *Hagan v. Credit Union of Am.*, 2011 WL 6739595, at *1 (D. Kan. Dec. 22, 2011) (citing *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002)).

[11] *Id.* (quoting *Taylor v. Osawatomie State Hosp.*, 2008 WL 2891011, at *1 (D. Kan. July 24, 2008)).

[12] FED. R. CIV. P. 4(e)(1)-(2).

[13] K.S.A. § 60-304(a).

304 allows service of process to be sent to a defendant's place of business only under certain conditions. It reads:

> If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was *refused* or *unclaimed* and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address."[14]

The question, then, is whether Plaintiff complied with § 60-304(a) before attempting to serve Defendants via certified mail at their place of business. Here, there is no indication that Plaintiff first attempted to serve either Buchanan or Wadeson at his or her dwelling house or usual place of abode. Nor did Plaintiff file a return on service indicating that delivery at the individual Defendants' dwelling or usual place of abode was refused or unclaimed. The certified mail that went to the business address was signed by an Eva Peterson, not the individual Defendants. There is no evidence that Peterson was authorized to accept service of process on Buchanan's or Wadeson's behalf.[15] It is therefore clear that Plaintiff did not restrict delivery of the certified mail addressed to the business address to the addressee only. In short, Plaintiff failed to perform any statutory prerequisite for business address service as provided by § 60-304(a).

Service on the corporate Defendant, Farm Bureau Property & Casualty Insurance, is also insufficient. Under Rule 4(h)(1), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

---

[14] K.S.A. § 60-304(a) (emphasis added).

[15] Defendants' Motion to Dismiss, Doc. 12, p. 6 n.2.

authorized by appointment or by law to receive service of process . . . ."[16] The Rules also authorize service of process under the manner prescribed in Rule 4(e)(1),[17] which includes any method under state law "where the district is located or where service is made."[18]

Under K.S.A. § 60-304(e), service on a corporation may be made by: (1) serving an officer, manager, partner or a resident, managing or general agent; (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[19] Service by return receipt mail on an officer, partner, or agent "must be addressed to the person at the person's usual place of business."[20]

Here, there is no evidence that Plaintiff served an officer, manager, partner, managing or general agent, or authorized agent of Defendant Farm Bureau. Nor is there any evidence that Plaintiff addressed the return receipt delivery specifically to an officer, partner, or agent. This is evidenced by the fact that the Complaint was received and signed for by Peterson, the Distribution Services Administrator for Farm Bureau's regional office in Manhattan, Kansas. According to Defendants, Peterson is in charge of shipping and receiving.[21] There is no

---

[16] FED. R. CIV. P. 4(h)(1)(B).

[17] FED. R. CIV. P. 4(h)(1)(A).

[18] FED. R. CIV. P. 4(e)(1).

[19] K.S.A. § 60-304(e)(1)-(3).

[20] K.S.A. § 60-304(e).

[21] Defendants' Motion to Dismiss, Doc. 12, p. 6 n.2.

indication that she is an officer, partner, or agent authorized to receive service of process on behalf of the corporation. Therefore, Plaintiff's service was insufficient.

The Court, however, is aware that Plaintiff is proceeding in forma pauperis. As such, Judge Humphreys, in her order granting Plaintiff's motion to proceed in forma pauperis, directed "the clerk of the court [to] take the appropriate steps to serve defendants with the summons and complaint as provided under 28 U.S.C. 1915(d) and Fed. R. Civ. P. 4(c)(2)."[22] It therefore appears that the clerk of court, *not* Plaintiff, was responsible for the insufficient service on all Defendants. Given that Plaintiff was not responsible for the insufficient service, the Court denies Defendants' motion to dismiss on this ground.

Ordinarily, the Court would allow Plaintiff an extension of time to cure this defect. However, as outlined below, even if Plaintiff properly served Defendants with the Complaint, at least as the Complaint stands in its current form, Plaintiff still fails to plead allegations sufficient to invoke federal subject matter jurisdiction under 28 U.S.C. § 1343. As such, the Court will not require Plaintiff to complete this futile act.

**B.      Lack of Subject Matter Jurisdiction**

Defendants argue that, although Plaintiff seemingly files suit under 28 U.S.C. § 1343, this statute is purely procedural and requires Plaintiff to set forth a specific violation of the constitution or federal law, something Plaintiff fails to do. As such, Defendants argue, Plaintiff's claims must be dismissed under Rule 12(b)(6) for failure to state a claim.

---

[22] Order Granting Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 5, p. 1.

Plaintiff claims that jurisdiction arises "because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)."[23] The Tenth Circuit has frequently held that

> § 1343 creates no independent substantive cause of action, but is a jurisdictional statute that provides the federal courts with subject-matter jurisdiction to hear a civil rights conspiracy claim under 42 U.S.C. § 1985, a claim for deprivation of one's civil rights under color of state law, or a claim for violation of any Act of Congress providing for the protection of civil rights.[24]

Here, Plaintiff does not remotely allege either a civil rights conspiracy claim under 42 U.S.C. § 1985 or a violation of any Act of Congress providing for the protection of civil rights.[25] Nor does he allege deprivation of civil rights "under color of state law." In fact, to do so, Plaintiff would have to show that "the party charged with the deprivation [was] a person who may be fairly said to be a state actor . . . or because his conduct is otherwise chargeable to the State."[26] In his Complaint, Plaintiff alleges, albeit in extremely vague terms, that Defendant Wadeson "refuse to obey the ruling by the Municipal Court, which the City District Attorney change the ticket to non-moving violation, which my daughter didn't cause the accident."[27] Plaintiff fails to mention how Defendant Wadeson is a state actor. Furthermore, Plaintiff fails to mention Defendants Buchanan or Farm Bureau *at all* in the substantive portion of the Complaint, never mind how either of these two Defendants are state actors.

---

[23] Complaint, Doc. 1, p. 3.

[24] *Lewis v. Stevenson*, 123 Fed. Appx. 885, 886 (10th Cir. Feb. 8, 2005).

[25] Complaint, Doc. 1.

[26] *Elliot v. Chrysler Fin.*, 149 F. App'x 766, 768-69 (10th Cir. Sept. 2, 2005).

[27] Complaint, Doc. 1, p. 3. Quotations from the Complaint are verbatim and include all grammar and spelling errors.

The Court recognizes Plaintiff's *pro se* status and notes that a *pro se* plaintiff's pleadings are to be construed liberally and are generally held to a less stringent standard than formal pleadings drafted by lawyers.[28] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[29] The court, however, does not have to assume the role of advocate for the *pro se* litigant.[30] Here, Plaintiff simply fails to provide any context or language such that the Court could reasonably read the pleadings to state a valid claim for a civil rights violation upon which he could prevail.

Therefore, because the Complaint does not assert a cognizable claim for violation under 28 U.S.C. § 1343, Plaintiff fails to invoke federal subject matter jurisdiction. As such, Defendants' motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), is granted.[31]

---

[28] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[29] *Id*.

[30] *Id*.

[31] The Court notes that Defendants also seek to dismiss Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8. Because the Court dismisses Plaintiff's Complaint for lack of federal subject matter jurisdiction, it regards this argument as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 11) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2014.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE